UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-cv-00607-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket Nos. 53-54) |
| GLENEAGLES HOMEOWNER ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Pending before the Court are SFR's motions for an extension of time to serve Jose Luis Mendez and for leave to serve him by publication. Docket Nos. 53-54. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **GRANTED**.

**I.   Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Mr. Mendez by 60 days.

**II.   Motion for Leave to Serve by Publication**

SFR seeks leave to serve Mr. Mendez by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, SFR has attempted to determine the whereabouts of Mr. Mendez through, *inter alia*, public records searches, local and state directories, a national search engine, the Postal Service, and motor vehicle records. *See* Docket No. 53-1. SFR also attempted to reach Mr. Mendez by telephone. *See id.* SFR has also attempted to serve Mr. Mendez at two different residential addresses. *See id.* The Court finds these efforts sufficient to establish diligence, and permits service by publication.

**III.   Conclusion**

Accordingly, the Court **GRANTS** the motions to extend the deadline to effectuate service and for service by publication. The deadline to serve Mr. Mendez by publication is extended by 60 days. SFR shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

(a)   Serve Mr. Mendez by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

(b)   After publication is complete, SFR shall file an Affidavit of Publication.

IT IS SO ORDERED.

DATED: September 29, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge