|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| THE BANK OF NEW YORK MELLON, | | Case No.: 2:16-cv-00607-APG-NJK |
| Plaintiff | | **Order Granting Plaintiff's Motion for Summary Judgment and Setting Deadline to File Motion for Default Judgment** |
| v. | | |
| GLENEAGLES HOMEOWNER ASSOCIATION, et al., | | [ECF No. 85] |
| Defendants | | |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust encumbering property located at 3740 Singing Lark Court in North Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Gleneagles Homeowner Association (Gleneagles). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. BONY seeks a declaration that the deed of trust still encumbers the property, and it asserts alternative damages claims against Gleneagles[1] and Gleneagles' foreclosure agent, Defendant Nevada Association Services, Inc. (NAS). SFR counterclaims for a declaration that it purchased the property free and clear of the deed of trust. It also cross-claims against the former homeowner, cross-defendant Jose Luis Mendez, to quiet title.

BONY moves for summary judgment, arguing its loan servicer, Bank of America, tendered the superpriority amount prior to the sale and thereby preserved the deed of trust. SFR opposes BONY's motion but did not move for summary judgment.

---

[1] BONY and Gleneagles reached a settlement and Gleneagles is no longer a defendant. ECF No. 96.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Bank of America's alternative damages claims against NAS. Finally, I set a deadline for SFR to address its claim against Mendez.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust."

*Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has established that it tendered the superpriority amount in full. The HOA assessment was $35 per month. ECF Nos. 85-5 at 9; 85-7 at 11-17. Prior to the HOA foreclosure sale, Bank of America tendered $315.00 to NAS to cover the superpriority amount of nine months of assessments. *Id.* at 11-19. NAS refused to accept the check. *Id.* at 15-19. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains encumbered by the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

    *1. Evidentiary Challenges*

SFR contends BONY has not presented sufficient evidence that its tender was delivered to NAS. BONY relies on the affidavit of Adam Kendis (Kendis), a paralegal with Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer). SFR contends that Kendis's affidavit is insufficient because Kendis does not state his dates of employment with Miles Bauer and does not establish his personal knowledge regarding the specific file at issue. SFR also asserts that it learned in another trial that Douglas Miles from the Miles Bauer law firm did not review the file or retrieve the records himself when he prepared a similar affidavit, but instead gave the bank's counsel access to the law firm's database. Finally, SFR argues that BONY cannot show delivery because the runner's slip is not authenticated, and it is not linked to the tender check. BONY responds that it has presented evidence of delivery and other courts have accepted similar evidence in

other cases. BONY also contends that SFR's arguments about testimony in another case have no bearing on this case.

BONY has presented sufficient evidence from which a reasonable jury could find that it delivered the tender check. Kendis's affidavit properly authenticated the documents offered and explained what the screenshot of Miles Bauer's case management notes reflects. ECF No. 85-5. The notes state that the check was delivered on February 12, 2012, which corresponds to the date on the Legal Wings runner slip. *Id.* at 15, 19. The notes also reflect that the check was returned, which corresponds with both the runner slip and with the voided checks. *Id.* at 17, 19. SFR has not presented any evidence to raise a genuine dispute that the check was not delivered.

Federal Rule of Civil Procedure 56 does not require that evidence be presented in admissible form at summary judgment. Rather, under Rule 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Under Federal Rule of Evidence 901(a), a party offering evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Under Rule 803(6), a record of a regularly conducted activity is not excluded by the hearsay rule if the record meets the following requirements:

>(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>(C) making the record was a regular practice of that activity;
>(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Kendis avers that the records related to the tender are authentic and meet each of Rule 803(6)'s requirements. ECF No. 85-5. SFR has not presented evidence raising a genuine dispute

4

about the Rule 803(6) factors, the documents' authenticity, or delivery. SFR could have deposed Kendis if it believed doing so would reveal facts to undermine his affidavit. It either did not do so or that testimony was not helpful to SFR because it has not been presented at summary judgment. SFR's reliance on testimony by a different affiant in a different case about a different property does not raise a genuine dispute in this case. SFR "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. *See Nationstar Mortgage LLC v The Springs at Spanish Trail Ass'n*, 2:15-cv-01217-JAD-GWF, 2019 WL 2250264, at *5 (D. Nev. May 24, 2019) (rejecting similar evidentiary challenges).

### 2. *Impermissible Condition*

SFR argues Bank of America's tender was impermissibly conditional because it required the HOA to subordinate maintenance and nuisance abatement charges. The Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such

5

[maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)).

*3. Equities*

SFR contends I should weigh the equities in its favor as a bona fide purchaser. BONY responds that if the tender was valid, the deed of trust was preserved by operation of law, so I should not weigh the equities and SFR's bona fide purchaser status is irrelevant. BONY also argues that SFR is not a bona fide purchaser. And it contends that the equities favor BONY.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the

operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

*4. Summary*

In sum, BONY has met its initial burden at summary judgment of showing that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust. I therefore dismiss as moot BONY's alternative damages claims against NAS.

That leaves SFR's cross-claim against Mendez. SFR previously moved for default judgment against Mendez, which I denied without prejudice. ECF Nos. 93, 97. SFR must now either move for default judgment or voluntarily dismiss its cross-claim against Mendez. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 85) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on July 2, 2014 did not extinguish the deed of trust and the property located at 3740 Singing Lark Court in North Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendant Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that by **January 31, 2020**, SFR must either move for default judgment or voluntarily dismiss its cross-claim against Mendez. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 13th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE